## 10302

### MOORE v. ARTHUR *ET AL.*

#### (101 S. E. 640.)

VENUE—REFUSAL TO GRANT CHANGE OF VENUE PROPER IN VIEW OF CONVENIENCE OF WITNESSES.—In view of Code Civ. Proc. 1912, sec. 176, Court did not err in refusing to grant a motion to change the venue, although the action should have properly been brought in the county to which defendants desired to have it removed, where the convenience of witnesses was promoted by the refusal to change the venue.

Before TOWNSEND, J., Sumter, Spring term, 1919. Affirmed.

Action by M. D. Moore against William W. Arthur and others. From an order denying a motion to change the venue, and extending the time within which defendants could plead, both parties appeal.

*Messrs. Weston & Aycock,* for appellants, submit: *The action is of a personal nature and the proper county in which to try it is the county of Richland, where defendant resides:* Story's Eq. Juris., 114th Ed., sec. 83(n); 40 Cyc., p. 59; 26 Cranch 148; 40 Cyc., pp. 57-58-63; 11 S. C. 122; 49 S. C. 325; 26 S. C. 77; 61 S. C. 520. *Bush v. Aldrich, 110 S. C. 491, is not conclusive of this case:* 39 Cyc. 1612.

*Messrs. Purdy & Bland* and *D. W. Robinson,* for respondent, cite: *The trial of this case in Sumter county is imperative, because it falls under subdivision of section 172, Code of Procedure:* 107 S. C. 428; 103 S. C. 263. *The motion to remove on the ground of convenience of witnesses, and the ends of justice, sec. 176, subsec. 3, of the Code, is discretionary with the trial Judge, and no appeal lies therefrom:* 6 S. C. 314; 55 S. C. 389; 54 S. C. 370. *The Court had no right on the hearing of the motion, to extend the time for pleading on behalf of the defendants:* 102 S. C. 357; Code of Procedure, sec. 443; Circuit Court Rule XIX; 72 S. C. 570-1.

December 22, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

On the 4th day of April, 1919, the defendant's attorneys gave notice of a motion before his Honor, the presiding Judge, for an order changing the place of trial of the above entitled action from the county of Sumter to the county of Richland, on the ground that the convenience of witnesses and the ends of justice would be promoted by said change, for the reason that all the defendants reside in Richland county.

His Honor, the presiding Judge, made the following order:

"This matter comes on to be heard before me on a motion to change the venue to Richland county, on the ground that the defendants are residents of that county, and for the convenience of witnesses. After hearing argument of counsel pro and con, it is ordered that said motion be, and is hereby, refused.

"It is further ordered that the time within which the defendants are required to plead be, and is hereby, extended until the 24th day of April, 1919."

The defendants appealed from said order, on the following exceptions:

"(1) For the reason that his Honor refused to grant a change of venue with respect to the entire action from Sumter county to Richland county, the error being that it appeared from the complaint that the causes of action set forth are of a personal or transitory character, and, therefore, properly triable in the county of defendants' residence, to wit, Richland county, as appears in said complaint and affidavits of defendants.

"(2) For the reason that his Honor refused to change the venue from Sumter county to Richland, with respect to so much of plaintiff's alleged cause of action as relates to the accounting which was demanded, respecting the personal

property mentioned in the complaint; the error being that an action for an accounting is of a personal or transitory character, and is properly triable in the county of defendants' residence, to wit, Richland county, as appears in said complaint and affidavits of defendants."

The plaintiff also appealed from said order, on the following exceptions:

"(a) Said Court only had authority to pass upon the motion, and did not have authority to extend the time for pleading.

"(b) Said Court was without jurisdiction to extend the time for anything, but to file as answer or plea to the merits, and not to extend the time for other motions."

The nature of the action is thus stated by the defendants' attorneys:

"This is an action to cancel a deed and for other relief, on the ground of fraud. The plaintiff alleges that he conveyed to the defendant, Annie Moore Arthur, his daughter, a life estate in a tract of land situate in Sumter county, and also gave her certain personal property, and assigned to her a certain bond and mortgage. It is alleged that said property was procured from the plaintiff through undue influence and fraud, practiced upon him by his daughter and her codefendant, W. W. Arthur, her husband. The venue was laid in Sumter county for the reason that the land embraced within the deed is in that county, although the defendants reside in Richland county. A motion was duly made to change the venue to the latter county, on the ground of residence, which was refused. An appeal was taken therefrom, it being contended that the action was of a personal nature, and that the proper county in which to try it is the county of Richland, where defendants reside."

It appears from the record that the principal fact upon which the defendants relied was that the convenience of the witnesses required that the case should be tried in Sumter county.

Section 176 of the Code is as follows:

"The Court may change the place of trial in the following cases:

"1. When the county designated for that purpose in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change."

Even if it appeared before the order herein was made, that Richland was the proper county in which the action should have been brought, nevertheless, when his Honor, the Circuit Judge, rendered the conclusion that the convenience of witnesses would be promoted by the refusal of the motion to change the venue, the defendants cannot successfully contend that the case should be tried in Richland county. It is, therefore, unnecessary to determine the question whether Richland would have been the proper county if the convenience of witnesses had not required that the case be tried in Sumter county. The defendants' exceptions are, therefore, overruled.

The plaintiff appealed from so much of said order, as extended the time of the defendants for filing their plea. He, however, did not object to the extension of time for filing an answer, in order that the case might be tried speedily upon the merits.

When the defendants' attorney stated that he intended only to answer the complaint, the plaintiff withdrew his exceptions.

The order refusing to change the venue is affirmed.